1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  PAUL J. BLAZEVICH and E. BLAZEVICH,              CASE NO. 08cv450-IEG(WMc)

12                              Plaintiffs,          Order  Denying Plaintiff Paul
                                                     Blazevich's Motion for Recusal
13          vs.                                      [Doc. No. 13]

    UNITED STATES OF AMERICA, an entity;
14  UNITED STATES ATTORNEY'S OFFICE
    FOR THE SOUTHERN DISTRICT OF
15  CALIFORNIA, a government entity;
    IMMIGRATION AND CUSTOMS
16  ENFORCEMENT, a government entity;
    KAREN HEWITT, in her individual capacity
17  and as United States Attorney for the
    Southern District of California; BARBARA
18  MAJOR, in her individual and former
    capacity of Assistant United States Attorney;
19  MICHAEL FOSTER, in his individual and
    capacity as United States Customs Agent;
20  WILLIAM A. HALL, in his individual and
    capacity as Assistant United States Attorney;
21  and DOES 1 through 20 inclusive,

22                              Defendants.

23          Plaintiff Paul Blazevich has filed a complaint alleging multiple constitutional claims under

24  Bivens v. Six Unknown Named Federal Agents, 403 U.S. 388 (1971) arising out of his conviction

25  and sentence in this Court in Case No. 99cr471.  Plaintiff has filed a motion for recusal of Chief

26  Judge Irma E. Gonzalez, and for disqualification of the entire bench of the Southern District of

27  California. The Court DENIES Plaintiff's motion.

28          Pursuant to 28 U.S.C. § 455(a), a judge must disqualify herself "in any proceeding in

which [her] impartiality might reasonably be questioned." This is an "objective" standard. United States v. Holland, 519 F.3d 909, 914 (9th Cir. 2008). Recusal is required "[i]f it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation." Id. (citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988). "The 'reasonable person' is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer'." Id. (citing In re Mason, 916 F.2d 384, 386 (7th Cir. 1990)). Alternatively, a judge must disqualify herself "where [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings." 28 U.S.C. § 455(b)(1). Under this subsection, a judge must recuse herself when she harbors actual bias. Holland, 519 F.3d at 915. "In the absence of a legitimate reason to recuse [herself], 'a judge should participate in cases assigned'." Id. at 512 (quoting Maier v. Orr, 758 F.2d 1578, 1583 (Fed. Cir. 1985)).

The Court need not recuse from this case under either the objective or subjective standards of 28 U.S.C. § 455. The majority of Plaintiff's claims in this case revolve around the Court's rulings in Case No. 99cr471. However, a judge's prior adverse rulings in a proceeding or in another proceeding do not require recusal. Holland, 519 F.3d at 914 n. 5 (citing United States v. Cooley, 1 F.3d 985, 993-94 (10th Cir. 1993)). Nor does a judge's mere familiarity with the defendant or the type of charge require recusal. Id. Plaintiff's motion is DENIED.

**IT IS SO ORDERED**.

**DATED:  September 22, 2008**

_Irma E. Gonzalez_

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

08cv450